JOHN DORCH ET AL. *v.* WILLIAM CORUM, RECEIVER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—391.]

### Conveyance to Defraud Creditors.

While a conveyance of real estate is not fraudulent as against persons who become creditors after the conveyance, it may be fraudulent as to creditors who become such before such deed is delivered to grantees.

### Evidence of Fraud.

Where the evidence shows that a grantor, a man of means, makes a deed to a person of no means and in no condition to buy real estate, and the conveyance is not acknowledged and the grantor holds possession and control of the land and proclaims to a witness that he will soon have the property back, it indicates that such conveyance was made in fraud, and persons dealing with such a grantor had the right to assume that he was the owner of said property.

### APPEAL FROM GREENUP CIRCUIT COURT.

November 10, 1881.

OPINION BY JUDGE PRYOR:

It is maintained in argument by counsel for the appellants that, as the several conveyances and bills of sale were made prior to the time at which the debts of the various appellees originated, no fraud could have been practiced on the appellees, nor any intention have existed on the part of John Dorch, Sr., to defraud subsequent creditors. It is evident that the effort on the part of John Dorch, Sr., in the year 1872, was to avoid payment of alleged demands that were then being asserted against him, and with this purpose in view he attempted to divest himself of all right and title to his entire estate, with the exception of the right to collect rents from one of his tracts of land. These conveyances were lodged with the clerk by the grantor, but no tax was paid, nor was there any direction to have them recorded.

John Dorch, Sr., was a man of means and credit, while those to whom he made these transfers of his estate were certainly in no condition to purchase. The conveyances were not even acknowledged, and the party, who was in fact the real owner, in the possession of and enjoying the use of the property, created new liabilities from time to time, upon the faith and credit of a con-

siderable estate that all with whom he dealt had the right to suppose belonged to him and liable for his debts. When the action for slander was instituted against the grantor, or shortly before, he expressed his determination to place his property out of his hands, and said to one witness it would only be for a short time. The conveyances were not in fact delivered to the grantees, nor were they acknowledged or intended at the time to divest the grantor of title, except upon a certain contingency. William Dorch, Jr., to whom the conveyances were made in trust, never accepted them until after the liability of his father had been created, nor until the bonds executed by Matthews matured. He says, in relation to the Greenslate place, one of the trusts conveyed to him, that he has had no charge of the land, paid none of the taxes, nor received any of the rents; and as to the other tract, his father has lived upon it and controlled it in conjunction with Frank since the conveyance was made. As to the bill of sale of the personal estate made to him by his father, he says that it was for work done and performed for his father, more than twenty years before the writing was executed, and after retaining the possession for a short time, it was all returned to the old man.

It is plain that these conveyances lodged with the clerk, and were not accepted by the grantees, nor even an attempt made to deliver them, but were accepted and ordered to be recorded in 1874, at a time when John Dorch, Sr., was much involved, and in anticipation of his creditors proceeding against him, or the property, with a view of collecting their several debts. Not one of the grantees in any of the conveyances, although made defendants to the action and the fraud of the father directly alleged, made any defense. John Dorch, Sr., is the only defendant to the action denying the fraud; and the allegations of the petition, standing confessed as to the adult grantees, failing to answer, and the proof being conclusive as to the fraudulent purposes of John Dorch, Sr., there is no reason for disturbing the judgment. The infant defendants were served with process and answered by their guardian ad litem. The proof authorized the judgment against them. We have examined the record with some care as to John Dorch, Jr., for the purpose of ascertaining whether an answer was filed by him controverting the allegations of any of the petitions in the consolidated causes, and find that no defense

was made by him except a denial of payments alleged to have been made by certain of the creditors.

We perceive no cause for reversing the judgment, and it is *affirmed.*

*Roe & Roe, for appellants.*

*B. F. Bennett, E. F. Dulin, W. C. Ireland, for appellees.*